PROB 12C
(06/17)

August 7, 2018
pacts id: 1837932

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Miguel Angel MARQUEZ-Martinez (English)          **Dkt No.:** 16CR00813-001-H

**Reg. No.:** 88370-308

**Name of Sentencing Judicial Officer:** The Honorable Marilyn L. Huff, Senior U.S. District Judge

**Original Offense:** 18 U.S.C. § 1001, False Statement to a Federal Officer, a Class D felony.

**Date of Sentence:** February 21, 2017

**Sentence:** Nine months' custody, three months' custody *(Special Conditions:   Refer to Judgment and Commitment Order.)*

**Modification:**  On February 12, 2018, conditions of supervised release were modified to include a drug/alcohol treatment condition, mental health treatment condition, and placement at a halfway house for a period of up to six months.

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** August 10, 2017

**Asst. U.S. Atty.:** Jarad E. Hodes          **Defense Counsel:**     Martin Molina
                                                                      (Appointed)
                                                                      619-640-5810

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Miguel Angel MARQUEZ-Martinez
Docket No.: 16CR00813-001-H

August 7, 2018
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

1. On July 10, and 26, 2018, Mr. Miguel Angel Marquez-Martinez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens at Career and Recovery Resources, Inc. (CRR), as required.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv21)*

2. On July 18, 23, 25, and 30, 2018, and June 5, 2018, Mr. Miguel Angel Marquez-Martinez failed to attend drug treatment counseling at Career and Recovery Resources, Inc. (CRR), as required.

***Grounds for Revocation:*** As to Allegations 1 and 2, I have received email notification from CRR which confirms that Mr. Marquez-Martinez failed to report for drug testing and drug treatment counseling sessions on the dates cited above. The offender commenced attending drug testing and treatment counseling services at CRR in March 2018, and was required to report four times monthly for individual/group counseling sessions and twice monthly for urinalysis. Mr. Marquez-Martinez reported to the probation office on August 2, 2018, and was asked of his treatment/testing "no shows" outlined herein. Per the offender, he stated that he did not feel like going to treatment. He missed the drug tests because he was already testing at the halfway house where he resides and did not believe he needed to report. Probation notes, however, that upon commencing services at CRR in March 2018, Mr. Marquez-Martinez was specifically instructed to report for urinalysis, as directed. CRR monthly treatment reports for the previous months of May and June 2018 show the offender attended drug tests at the program, during which time he also submitted to urinalysis at the halfway house.

PROB12(C)
Name of Offender: Miguel Angel MARQUEZ-Martinez
Docket No.: 16CR00813-001-H

August 7, 2018
Page 3

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Since releasing from custody in this case in August 10, 2017, Mr. Marquez-Martinez has been supervised in the Southern District of Texas, while jurisdiction remained with the Southern District of California. His release from immigration custody was granted pending asylum proceedings. In a violation report dated February 9, 2018, Your Honor was notified of the offender's admitted use of cocaine on or about January 1, and 18, 2018. The Court was also advised or the offender's housing instability in the community during that time. As recommended by probation, Your Honor imposed no adverse action in response to the drug use violations in favor of modifications of supervised release to include conditions for drug/mental health treatment, as well as a non-punitive placement at a community confinement center/halfway house. Mr. Marquez-Martinez subsequently entered a halfway house and commenced drug treatment/testing services at CRR. He also commenced mental health therapy at Legacy Community Health in May 2018, relative to his diagnosis for PTSD and Bipolar Disorder.

In a second violation report to the Court dated March 29, 2018, Your Honor was notified of the offender's admitted use of methamphetamine and cocaine on or about February 16, 2018. As recommended by probation, the Court imposed no adverse action in response to the drug use violations, in favor of continuing drug/mental health treatment services. Your Honor specifically instructed probation to "continue to monitor and encourage compliance."

The current allegations cited herein indicate Mr. Marquez-Martinez continues to struggle with compliance with the orders of the Court. Further and despite having no alternative housing resources, the offender has demonstrated a negative adjustment at the halfway house. Specifically, a halfway house incident report dated July 31, 2018, detailed the offender was found to be in the community on that date, elsewhere from the drug treatment services   program he was supposed to attend at that time. When confronted by probation on August 2, 2018, about this RRC program violation, Mr. Marquez-Martinez, admitted his misconduct and stated he went to purchase hygiene items and search for an apartment instead of attending his counseling program. Based on the foregoing, the offender's adjustment is considered poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Per the presentence report (PSR), it was determined that the offender is a transgender individual who identifies as female and prefers the name "Angel." He is 34 years-old, single, and has no dependents. The PSR cites a long-standing history of physical and sexual abuse, as well as housing and employment instability. He has a significant drug/mental health history reaching back to age 15. His criminal record is extensive and is sustained during the last ten years. Mr. Marquez-Martinez has convictions for menacing, criminal trespass, disorderly conduct, obstruction of justice, misrepresenting identity, sexual imposition, contempt of court, theft, assault, domestic violence, grand theft, robbery, and attempted alien reentry. The PSR indicates the offender is a non-U.S. Citizen who has been deported on February 5, 2013, and June 16, 2014. As previously noted, Mr. Marquez-Martinez was released from immigration custody in this case pending asylum proceedings.

PROB12(C)
Name of Offender: Miguel Angel MARQUEZ-Martinez
Docket No.: 16CR00813-001-H

August 7, 2018
Page 4

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to participate in drug treatment services and failure to submit to urinalysis) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

The Court has previously reported the offender's multiple incidents of cocaine and methamphetamine use during the course of supervision. The cited allegations indicate of the offender's missed drug tests and apparent refusal to participate in rehabilitation. He has also misrepresented his whereabouts to the halfway house. Based on the foregoing, the offender is viewed as an affirmative danger to the community and flight risk. This officer respectfully recommends that a warrant of arrest be issued in order to gain the offender's presence before the Court.

## RECOMMENDATION/JUSTIFICATION

Although Mr. Marquez-Martinez is before the Court for the first time facing violation proceedings, his extensive and varied criminal history indicates of his propensity for criminality. Despite being afforded housing, subsistence, drug/mental health treatment services from the Court and Probation, the offender's adjustment on supervision is marked by multiple drug use incidents, and an aversion to rehabilitation. His admitted misconduct at the halfway house is also notable. The current allegations for failing to attend drug treatment and urinalysis are serious breaches of the Court's trust.

PROB12(C)
Name of Offender: Miguel Angel MARQUEZ-Martinez                                       August 7, 2018
Docket No.: 16CR00813-001-H                                                                    Page 5

Should the Court find Mr. Marquez-Martinez in violation as cited herein, this officer respectfully recommends that supervised release be revoked. A custodial sanction at the low-end of the Guidelines (eight months) appears appropriate to hold the offender accountable for his recurring violation conduct. A two-year term of supervised release is recommended to follow, under the current terms and conditions, in order to ensure his sobriety and to afford him the necessary treatment resources toward achieving his goals. An additional non-punitive placement at an RRC of up to 120 days is also recommended, toward assisting in the offender's transition into the community.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  August 7, 2018**

Respectfully submitted:                                      Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by   _____                          _____
     Robert Carreon                                          Julia Jauregui
     Senior U.S. Probation Officer                           Supervising U.S. Probation Officer
     (619) 409-5148

PROB12CW

August 7, 2018

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  MARQUEZ-Martinez, Miguel Angel

2. **Docket No.** (Year-Sequence-Defendant No.):  16CR00813-001-H

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to participate in a drug treatment program | C |
| Failure to submit to urinalysis | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [   C   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))          [   VI   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [   8 to 14 months   ]

7. **Unsatisfied Conditions of Original Sentence:**  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

Restitution ($) _____      Community Confinement _____

Fine($) _____      Home Detention _____

Other _____      Intermittent Confinement _____

PROB12(C)
Name of Offender: Miguel Angel MARQUEZ-Martinez          August 7, 2018
Docket No.: 16CR00813-001-H                                        Page 7

**THE COURT ORDERS:**

X    AGREE.  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF
      PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE
      WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED
      VIOLATIONS.

_____    DISAGREE.  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR
      BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY
      SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____

_____


The Honorable Marilyn L. Huff                          Date 8/9/18
Senior U.S. District Judge

                                                        mac